IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TERRY W. MOORE,

              Plaintiff

VS.

JO ANNE B. BARNHART,
Commissioner of Social Security,

              Defendant

NO. 5:05-CV-349 (CWH)

**SOCIAL SECURITY APPEAL**

# **O R D E R**

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). All parties have heretofore consented for this matter to be determined by the United States Magistrate Judge.

## **HISTORY**

Plaintiff TERRY W. MOORE applied for disability benefits and Supplemental Security Income on March 4, 2002. His applications were denied, and upon reconsideration were denied again on November 26, 2002. On January 30, 2003, plaintiff applied for a hearing by an administrative law judge(ALJ), and a hearing was held on May 2, 2003. The ALJ issued an unfavorable decision on February 24, 2004, and the Appeals Council denied plaintiff's request for review on August 3, 2005.

Plaintiff claims that his disability commenced on September 6, 2001, and was the result of back problems and other health issues – including numbness in his legs and hands – all of which apparently came as a result of the plaintiff's falling while he was working at a grocery store.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. ***Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Moore's ring and pinky fingers on both hands are numb, thus creating a problem with his handling and feeling. His first argument is that the hypothetical the ALJ posed to the vocational expert at the hearing was not an accurate representation of plaintiff's condition because the ALJ did not include any limitation on the ability of the hypothetical individual to handle things and feel with his hands.

Plaintiff bases his argument on the fact that when the vocational expert was faced with the hypothetical of an individual who suffered from all of plaintiff's other disabilities and could not finger, the vocational expert said "that would be a significant limitation on ability to do unskilled, sedentary work." Tr. at 386. However, after plaintiff's attorney modified his hypothetical and made the individual able to use his thumb and first two fingers, the expert retracted his answer and said he did not "think that would be significant."

Plaintiff tries to explain that his condition is more akin to the first example, but there is at least substantial evidence to support the ALJ's conclusion on that issue. There is medical evidence that plaintiff had "full active [range of motion] and normal sensation throughout" his thumbs and first two fingers on each hand. Tr. at 278.

Plaintiff's second argument in favor of reversing the ALJ's finding is that the ALJ was not justified in giving little weight to the findings of the plaintiff's treating physician when it came to plaintiff's ability to lift. The ALJ's Decision holds that plaintiff "testified that he could lift 10 to 15 pounds." Tr. at 17, Pl. Brief (Tab #13) at 5. As a result of plaintiff's testimony on that issue,[2] the ALJ did not credit a medical opinion that plaintiff could not bend, squat, or climb, or lift, push or pull over five pounds with his upper extremities. Tr. at 18.

---

[2]The testimony upon which the ALJ apparently bases this finding is as follows:

Q    How much can you lift without any problem?
A    About 15 pounds — 10, 15 pounds.
    Tr. at 361

Plaintiff argues that his testimony on that issue "does not clearly show [he] can lift more than five pounds at work" (Tab #13 at 6) and that even if plaintiff himself thought that he could, he is not a physician and cannot give an accurate medical opinion. The plaintiff uses the wrong standard in his argument, as the ALJ's decision need only be based on substantial evidence rather than be demonstrated as clearly correct; this argument is not compelling in any case: the ALJ stated a valid reason why he was discounting a medical opinion, and the ALJ's finding on this issue is therefore based on substantial evidence.

The plaintiff's final argument for remand of his case is that the record before the court is incomplete. Upon reviewing the transcript at every place plaintiff cites, the court finds that the record is complete and legible, presumably due to the Commissioner's providing a new, legible copy of the transcript to the court. Def. Brief, Tab #14 at 8.

The undersigned finds that the ALJ correctly found the plaintiff not disabled. Accordingly, the Commissioner's decision is AFFIRMED

SO ORDERED, this 30th day of MARCH, 2007.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE